UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RODNEY MOTT,<br><br>Plaintiff,<br><br>v.<br><br>TOTAL LENDING SOLUTIONS, INC; TRINITY FANICIAL SERVICES, LLC; JUDGE JAMES MAHAN; RANDY NEWMAN; MICHAEL R. BROOKS; DOES 1 THROUGH 10,<br><br>Defendants. | Case No. 2:23-cv-00151-RFB-BNW<br><br>**ORDER** |

On February 6, 2024, this Court held a motions hearing where it granted Defendant Trinity Financial Services LLC's ("Trinity Lending") Motion to Expunge *Lis Pendens* on the record. ECF No. 64. This Order reiterates and codifies that decision.

**FINDINGS**

A motion to expunge *lis pendens* is governed by state law. See Orange Cty. Airport Hotel Assocs. v. Hongkong & Shanghai Banking Corp., 52 F.3d 821, 827 (9th Cir. 1995) ("California's *lis pendens* scheme provides detailed procedures and standards to be followed by the district court …."); see also Adamian v. Am. All. Capital Grp. (In re Adamian), No. 98-55610, 1999 U.S. App. LEXIS 31856 (9th Cir. Dec. 2, 1999). "The doctrine of *lis pendens* provides constructive notice to potential purchases or lenders that the real property …. is the subject of a pending lawsuit." Tahican v. Eighth Judicial Dist. Court of Nev., 523 P.3d 550, 553 (Nev. 2023) (citing Nev. Rev. Stat. § 14.010(3)).

Nev. Rev. Stat. § 14.010(1) allows for a *lis pendens* to be filed when there is an action, "affecting the title or possession of real property …." Nev. Rev. Stat. § 14.015(2) requires that the

party who recorded the notice of pendency of the action must establish five factors to the court's satisfaction: (1) the action is for the foreclosure of a mortgage upon the real property described in the notice or affects the title or possession of the real property described in the notice, (2) the action was not brought in bad faith or for an improper motive, (3) the recording party will be able to perform any conditions precedent to the relief sought in the action insofar as it affects the title or possession of the real property, (4) the recording party would be injured by any transfer of an interest in the property before the action is concluded, and (5) the recording party has a likelihood of prevailing in the action or a fair chance of success on the merits. See Nev. Rev. Stat. § 14.015(2)-(3).

If the court finds that the party who recorded the notice of pendency of the action has failed to establish any of the matters required by subsection (2), the court shall order the cancellation of the notice of pendency and shall order the party who recorded the notice to record with the recorder of the county a copy of the order of cancellation. The order must state that the cancellation has the same effect as an expungement of the original notice. Nev. Rev. Stat. § 14.010(1).

The Court finds that Plaintiff's Complaint is barred by claim preclusion based on the prior rulings of Judge James Mahan. Nevada courts follow a three-part test to determine whether there is claim preclusion: (1) the parties or their privies are the same; (2) the final judgment is valid, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case. Five Star Capital Corp. v. Ruby, 194 P.3d 709, 713 (2008).

In Mott v. The PNC Financial Services Group, 2:16-cv-1949-JCM-EJY, Judge Mahan issued a final judgment in the case where both Trinity Lending and Mott were parties. Judge Mahan granted Trinity Lending's Motion for Summary Judgment. He found that, " Trinity … did not breach any contract or the implied covenant of good faith and fair dealing by trying to rightfully collect on [its] debt. Assessing the contractually warranted fees for Mott's nonpayment of his debt did not unjustly enrich Trinity []. Trinity [] did not fraudulently or negligently misrepresent [its] interest in the note and deed of trust." Here, the parties are the same and there is a final, valid judgment. Additionally, the previous case dealt with the promissory note, foreclosure, and ownership of the same property at issue in this case. The present issues could have been brought forward in the prior case.

Accordingly, there is claim preclusion.  Plaintiff is not likely to prevail in the action and there is no fair chance of success on the merits, so Plaintiff cannot meet the requirements of NRS § 14.015.

### ORDER

Based on the foregoing,

**IT IS THEREFORE ORDERED** that the *lis pendens* recorded by Plaintiff with the Clark County Recorder as instrument number 20230809-0004572 on August 9, 2023, is expunged and cancelled. Cancellation has the same effect as an expungement of the original notice pursuant to NRS 14.015(5). This order may be recorded with the Clark County Recorder's office.

**IT IS FURTHER ORDERED** that the Plaintiff record with the Clark County Recorder a copy of this order of cancellation, as required by Nev. Rev. Stat. § 14.010(1).

**IT IS FURTHER ORDERED** that Plaintiff is **ORDERED** not to file any additional *lis pendens* or any documents encumbering this property without the express written permission of this Court. Violation of this Order by the Plaintiff can lead to a finding of contempt or sanctions which can include monetary sanctions and/or incarceration.

**DATED:** April 18, 2024

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**